IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULA PURLEY,

    Plaintiff,

v.                                No. CIV-14-0895 MV/LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

    Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum (Doc. 17)*, filed May 27, 2015 (hereinafter "motion"). On August 25, 2015, Defendant filed a response to the motion [*Doc. 21*], and, on September 19, 2015, Plaintiff filed a reply [*Doc. 22*]. United States District Judge Martha Vázquez referred the motion to the undersigned for proposed findings and a recommended disposition, if necessary. [*Doc. 9*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 14*]. For the reasons set forth below, the Court recommends that Plaintiff's motion be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

## I.  Procedural History

On January 7, 2011, Plaintiff filed an application for Supplemental Security Income (hereinafter "SSI") alleging that she became disabled on August 12, 2010.  [*Doc. 14-7* at 2-9]. Plaintiff alleged that she is unable to work due to strokes, heart problems, hyper thyroid, depression, cognitive disorder, Grave's disease, atrial fibrillation, and cervical dysplasia.  *See* [*Doc. 14-4* at 3] and [*Doc. 14-8* at 2 and 12].  This application was denied at the initial level on June 10, 2011 (*Doc. 14-5* at 2-5), and upon reconsideration on November 4, 2011 (*id.* at 8-10). Pursuant to Plaintiff's request (*id.* at 12), Administrative Law Judge Ann Farris (hereinafter "ALJ") conducted a hearing on November 15, 2012.  [*Doc. 14-3* at 25-59].  At the hearing, Plaintiff appeared via video conference, was unrepresented, and testified.  *Id.* at 28, 37-52.  In addition, Vocational Expert (hereinafter "VE"), Calvin J. Turner, appeared via telephone and testified.  *Id.* at 28, 52-56.  On February 12, 2013, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  *Id.* at 9-25. Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 5), and, on July 31, 2014, the Appeals Council denied Plaintiff's request for review (*id.* at 2-4), which made the ALJ's decision the final decision of the Commissioner.  On October 3, 2014, Plaintiff filed her complaint in this case.  [*Doc. 1*].

## II.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's

decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on July 26, 1972. [*Doc. 14-8* at 24]. Plaintiff has worked as a cashier and a child care provider. *Id.* at 27. Plaintiff alleges that she is unable to work due to strokes, heart problems, hyper thyroid, depression, cognitive disorder, Grave's disease, atrial fibrillation, and cervical dysplasia. *See* [*Doc. 14-4* at 3] and [*Doc. 14-8* at 2 and 12]. Plaintiff's medical records include: two Case Analyses, one by Nicole Lazorwitz, Psy.D., dated June 10, 2011 (*Doc. 14-4* at 9-10), and one by Erika Wavak, M.D., dated November 2, 2011 (*id.* at 22); a Physical RFC Assessment by Terry Ostrowski, M.D., dated May 10, 2011 (*id.* at 11-13); a Psychiatric Review Technique by Eric Penner, dated November 1, 2011 (*id.* at 23-24); two Consultative Examination Reports, one by Gregory Hunter, M.D., dated April 25, 2011

4

(*Doc. 14-15* at 18-21) and one by Vicky T. Lomay, Ph.D., dated May 20, 2011 (*id.* at 28-32); and treatment records from Mark Simpson, Psy.D., dated May 14, 2012 (*Doc 14-18* at 10-11). Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of January 7, 2011. [*Doc. 14-3* at 11]. At step two, the ALJ found that Plaintiff has the following severe impairments: a history of cerebrovascular accident with residual weakness of the left foot, status post thyroidectomy for Grave's disease, and a cognitive disorder, not otherwise specified. *Id.* At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). *Id.* at 12.

Before step four, the ALJ determined that Plaintiff has the RFC to perform sedentary work, except that Plaintiff "must avoid hazardous conditions, including unprotected heights and dangerous machinery," and is further "limited to performing simple, routine tasks." *Id.* at 14. In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments might be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id.* at 15. The ALJ stated that she gave "some weight" to the opinion of State Agency medical consultant Dr. Ostrowski that Plaintiff could perform light work. *Id.* at 16. The ALJ gave little weight to the opinion of State Agency medical consultant Dr. Wavak who opined that there was insufficient evidence in the record to make a determination regarding Plaintiff's functional limitations. *Id.* The ALJ gave great weight to the opinion of Dr. Hunter regarding Plaintiff's physical limitations. *Id.* at 17. The ALJ

stated that she gave minimal weight to the opinions of State Agency psychological consultants Nicole Lazorwitz, Psy.D. and Eric Penner, who opined that Plaintiff has mild limitations in concentration, persistence or pace, stating that "some weight is given to these opinions because they are consistent with the notion that [Plaintiff's] mental impairments are not disabling. *Id.* Finally, the ALJ stated that she gave "significant weight" to the opinions of Dr. Lomay. *Id.* At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work, so she proceeded to the fifth step. *Id.* at 18.

At the fifth and final step, the ALJ noted that Plaintiff was born on July 26, 1972, so she was 38 years old on the date her application was filed, which is defined as a younger individual age 18-44. *Id.* The ALJ noted that Plaintiff has at least a high school education and is able to communicate in English. *Id.* The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* The ALJ stated that the VE was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and RFC as Plaintiff, and the VE testified that the representative occupations such an individual could perform include: a lens inserter, a final assembler, and a lamp shade assembler. *Id.* at 19. The ALJ stated that "the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles." *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## V. Analysis

In her motion to reverse or remand, Plaintiff first contends that the ALJ erred by failing to develop the medical record because the ALJ failed to request behavioral health records from Fort Defiance Indian Hospital. [*Doc. 17* at 12-18]. In addition, Plaintiff contends that the ALJ

erroneously relied on the consultative examination report of Dr. Lomay who diagnosed Plaintiff with an adjustment disorder and depressed mood (*id.* at 15, citing *Doc. 14-15* at 31), instead of relying on treating psychologist Dr. Simpson's diagnosis of Plaintiff with major depressive disorder and assignment of a Global Assessment of Score of 48 (*Doc. 17* at 15, citing *Doc. 14-18* at 10).[2]

In response, Defendant contends that the ALJ did not err by failing to seek Plaintiff's counseling records because Plaintiff has not submitted to the Court any of the records she contends the ALJ should have obtained, which, Defendant states, "could lead to the conclusion that the records were unobtainable or that they were not crucial to Plaintiff's case." [*Doc. 21* at 7]. Defendant further contends that Plaintiff does not describe the counseling records, nor does she offer an explanation as to how the records are relevant to the ALJ's disability determination. *Id.* Defendant states that the Social Security Agency requested records from Fort Defiance Indian Hospital, and Plaintiff fails to show that the ALJ erred by not seeking these specific records. *Id.* at 8-9. In addition, Defendant contends that substantial evidence supports the ALJ's disability determination regardless of the counseling records because the evidence in the record is consistent with Plaintiff's testimony and statements in the record. *Id.* at 9.

In reply, Plaintiff disputes Defendant's contention that Plaintiff should have sought the records at issue, explaining that Plaintiff was not represented until September 8, 2014, which was after the ALJ's decision. [*Doc. 22* at 1]. Plaintiff states that her counsel did not have access to the record in this case until March 23, 2015, which is when he first became aware that these records were missing. *Id.* Plaintiff contends that she does not have an obligation to obtain the

---

[2] The GAF score is a measurement of the clinician's judgment of an individual's psychological, social and occupational functioning, and should not include impairment in functioning due to physical or environmental limitations. DSM-IV-TR at 32. A GAF score within the range of 41-50 indicates "[s]erious symptoms" such as "suicidal ideation, severe obsessional rituals, [or] frequent shoplifting," or "serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)." *Id.* at 34.

records, and that she has demonstrated that these records affect the outcome of the case because they support Dr. Simpson's findings that Plaintiff has "difficulty with attending and concentrating," and that her memory may be impaired.  *Id.* at 2 (citing *Doc. 14-18* at 10).

## A.   The ALJ's Duty to Develop the Record

Plaintiff first claims that the ALJ failed to properly develop the record by failing to obtain her counseling records from Fort Defiance Indian Hospital.  *See* [*Doc. 17* at 12].  Although Plaintiff bears the burden of establishing her disability, "unlike the typical judicial proceeding, a social security disability hearing is nonadversarial, with the ALJ responsible in every case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised."  *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997) (citation and quotation marks omitted).   The ALJ's duty is particularly acute where the claimant is unrepresented at the hearing. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). In addition to developing the record at the hearing through careful questioning, and by obtaining the services of a consultative examiner when necessary, the ALJ "has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing."  *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).

Here, Plaintiff testified at the hearing before the ALJ that she was seeing a counselor once a week.  *See* [*Doc. 14-3* at 40].  This testimony, coupled with Plaintiff's claim that she was disabled due to depression (*see Doc. 14-8* at 2), and Dr. Simpson's diagnosis of major depressive disorder (*see Doc. 14-18* at 10), indicated that the missing counseling records were pertinent to the determination of whether Plaintiff is disabled due to depression.   While Defendant contends that the ALJ did not err by failing to seek Plaintiff's counseling records because Plaintiff has not submitted to the Court any of the records she contends the ALJ should have obtained (*see Doc. 21*

at 7), Defendant fails to provide any authority for her contention that Plaintiff must submit to the Court the records she contends should have been obtained by the ALJ.   Moreover, the Court notes that the ALJ's duty to ensure that an adequate record was developed was heightened in this case because Plaintiff was not represented prior to the ALJ's decision.   The Court, therefore, finds that the ALJ erred by failing to obtain the counseling records which were brought to her attention at the hearing, and recommends that, on remand, the ALJ shall obtain the counseling records and consider them in compliance with relevant law.

### B.   The ALJ's Consideration of Dr. Simpson's Findings

Next, Plaintiff claims that the ALJ failed to properly consider the findings of Dr. Simpson. When evaluating the opinions of sources who have treated the claimant, "the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct."   *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007).   First, the ALJ "should consider whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record."   *Pisciotta*, 500 F.3d at 1077 (citations omitted).   If the answer to both these questions is "yes," then the ALJ "must give the opinion controlling weight."   *Id.*   If, however, the treating source's opinion "is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight."   *Id.* When a treating source's opinion is not given controlling weight, it is still entitled to deference and must be weighed using relevant factors such as: the length of treatment and frequency of examination, and the nature and extent of the treating relationship; the extent to which the opinion is supported by relevant evidence, particularly medical signs and laboratory findings; the extent to which the opinion is consistent with the record as a whole; the doctor's specialization in the

medical field upon which an opinion is given; and other factors tending to support or contradict the opinion.  *See* 20 C.F.R. § 416.927(c).  Although the "ALJ must evaluate every medical opinion in the record [recognizing that] the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional," ultimately, the ALJ's decision must contain "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Hamlin*, 365 F.3d at 1215 (citations and internal quotation marks omitted).

Here, the ALJ noted that Dr. Simpson found that Plaintiff's memory seemed to be impaired, that Plaintiff had some difficulty with attending and concentrating, and that he had assigned Plaintiff with a GAF score.  *See* [*Doc. 14-3* at 16-17] (citing *Doc. 14-18* at 10-11).  However, the ALJ did not state what the GAF score was, nor did she consider Dr. Simpson's diagnosis of major depressive disorder.  In addition, the ALJ did not state what weight, if any, she gave to Dr. Simpson's findings regarding Plaintiff's memory and difficulty with attending and concentrating.  The ALJ states that she gave "some weight" to Plaintiff's GAF score, but that she "must rely on evidence that demonstrates [Plaintiff's] overall ability to function."  [*Doc. 14-3* at 17].

The Court finds that the ALJ's treatment of Dr. Simpson's findings constitutes legal error.  First, the ALJ erred by failing to consider Dr. Simpson's diagnosis of major depressive disorder.  *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").  In addition, the ALJ erred by failing to state what weight she

gave to Dr. Simpson's findings regarding Plaintiff's memory and difficulty with attending and concentrating. *See Hamlin*, 365 F.3d at 1215 (explaining that the ALJ must provide "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight"). Finally, while the ALJ states that she gave Plaintiff's GAF score "some weight," but that she "must rely on evidence that demonstrates [Plaintiff's] overall ability to function" (*Doc. 14-3* at 17), the ALJ fails to state what other evidence contradicts the GAF score. The ALJ, therefore, failed to provide reasons that are sufficiently specific as to why she only gave Dr. Simpson's assignment of a GAF score of 48 "some weight." For these reasons, the Court finds that the ALJ erred in her consideration of the opinions of Dr. Simpson and recommends that, on remand, the ALJ should consider these opinions in accordance with the holdings in *Krauser* and *Pisciotta*.

## VI. Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Plaintiff's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum (Doc. 17)* be **GRANTED** as set forth above, and the decision of the Commissioner be **REMANDED** for further proceedings consistent with this opinion.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**