IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULA PURLEY,

    Plaintiff,

v.                                       No. CIV-14-0895 MV/LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez's *Proposed Findings and Recommended Disposition (Doc. 24)* (hereinafter "PF&RD), entered on January 6, 2016, which recommended granting Plaintiff's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum (Doc. 17)*. On January 20, 2016, Defendant filed objections to the PF&RD [*Doc. 26*], and, on February 4, 2016, Plaintiff filed a response to Defendant's objections [*Doc. 27*]. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that her objections are without merit. Accordingly, the Court will: (1) overrule Defendant's objections; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 24)*; grant Plaintiff's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum (Doc. 17)*; and (3) enter a judgment dismissing this case with prejudice.

In the PF&RD, the Magistrate Judge considered whether the ALJ erred by failing to develop the medical record and by failing to properly consider the opinions of Plaintiff's treating

psychologist Dr. Simpson.  *See* [*Doc. 24* at 6-11].  Defendant first objects to the Magistrate Judge's finding that the ALJ failed to properly develop the record by failing to obtain Plaintiff's counseling records from Fort Defiance Indian Hospital.  [*Doc. 26* at 1-3].  Defendant contends that "Plaintiff has not made any showing that these records are pertinent to her case" (*id.* at 2) and that the ALJ met her duty to develop the record by making a reasonable effort to obtain the records and by providing two consultative examiners to examine Plaintiff (*id.* at 2-3).  In response to this objection, Plaintiff contends that the counseling records are pertinent because they relate to Plaintiff having been diagnosed with major depressive disorder by Dr. Simpson, who assigned her a Global Assessment of Functioning ("GAF") Score of 48.  [*Doc. 27* at 2-4].

The ALJ must ensure that an adequate record is developed, which includes "obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).  This duty is particularly significant where the claimant is unrepresented at the hearing, as Plaintiff was in this case.  *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993).  The Court first finds that Defendant's contention that these records are not pertinent to Plaintiff's claims is without merit.  The Court agrees with the Magistrate Judge that these records are pertinent to Plaintiff's claims because Plaintiff claimed that she was disabled due to depression (*see Doc. 14-8* at 2), she testified at the November 15, 2012 hearing before the ALJ that she was seeing a counselor once a week (*see Doc. 14-3* at 40), and Dr. Simpson diagnosed her with major depressive disorder (*see Doc. 14-18* at 10).  *See* [*Doc. 24* at 8].  The Court, therefore, finds that the counseling records are pertinent to the determination of whether Plaintiff is disabled due to depression.

Defendant next contends that the ALJ made sufficient efforts to obtain the counseling records because the agency made initial and follow-up requests to Fort Defiance Indian Hospital, thereby complying with its obligations to obtain medical records under 20 C.F.R. § 416.912(d), and because the agency provided two consultative examiners to examine Plaintiff when the information from the hospital was not forthcoming.  *See* [*Doc. 26* at 2-3].  While Defendant is correct that the agency made both initial and follow-up records requests to Fort Defiance Indian Hospital, in compliance with 20 C.F.R. § 416.912(d) (*see Doc. 14-16* at 15 and 18), these requests were made on August 23, 2011 and on September 7, 2011, respectively, which was more than a year prior to the November 15, 2012, hearing before the ALJ, during which Plaintiff told the ALJ she was seeing a counselor once a week.  In addition, Dr. Simpson's treatment notes recommending that Plaintiff "[c]ontinue psychotherapy to address depression and anxiety" are dated May 14, 2012.  [*Doc. 14-18* at 11].  Thus, the agency's record requests in August and September 2011 would not have resulted in production of Plaintiff's counseling records from the time period of approximately May 2012 to November 2012.  In addition, contrary to Defendant's assertion, the consultative examinations of Plaintiff do not cure this deficiency because they were conducted prior to the time period in which Plaintiff was attending counseling.  *See* [*Doc. 14-15* at 18-21] (Consultative Examination Report by Gregory Hunter, M.D., dated April 25, 2011) and *id.* at 28-32 (Consultative Examination Report by Vicky T. Lomay, Ph.D., dated May 20, 2011).

Based on the foregoing, it appears that, while the ALJ properly pursued records from Fort Defiance Indian Hospital prior to the hearing, both Plaintiff's hearing testimony that she was currently seeing a counselor once a week, and Dr. Simpson's May 14, 2012 treatment note regarding Plaintiff's ongoing therapy, may have triggered a renewed duty on the part of the ALJ to

issue renewed records requests for Plaintiff's counseling records. The ALJ's failure to do so appears to be error pursuant to the holding of *Carter*, particularly since Plaintiff did not obtain representation in this case until after both the ALJ and the Appeals Council had issued their decisions. *See* [*Doc. 22* at 1] (stating that Plaintiff's counsel was hired on September 8, 2014, and that he did not have access to the record until March 23, 2015, which is when he first became aware that these records were missing). Neither party, however, cites to authority that clearly sets forth when an ALJ's duty to re-contact a medical source is triggered. *But see Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) (finding that the ALJ had a duty under 20 C.F.R. § 404.1512(e) to re-contact medical sources to supplement or clarify evidence when the ALJ considers an issue that is apparent from the record). Regardless of whether the ALJ erred by obtaining Plaintiff's counseling records, however, the Court finds that this objection is moot because, as discussed below, this case will be remanded pursuant to the ALJ's failure to properly consider Dr. Simpson's opinions, and the counseling records will be made part of the record before the ALJ on remand. *See, e.g., Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011) (explaining that, when a case is remanded for further proceedings in light of other error, the ALJ should consider the impact of new evidence submitted in the interim).

Defendant next contends that the Magistrate Judge erred in finding that the ALJ failed to properly consider Dr. Simpson's opinions because the Magistrate Judge raised this claim *sua sponte*. *See* [*Doc. 26* at 3-4]. The Court finds that this objection is without merit. Plaintiff contends in her motion to reverse or remand that the ALJ relied on the consultative examination report of Dr. Lomay, which diagnosed Plaintiff with an adjustment disorder with depressed mood, and that this diagnosis was contrary to Dr. Simpson's diagnosis of major depressive disorder.

[*Doc. 17* at 15-17].  While Plaintiff did not set forth this claim under a separate heading, the Court finds that Plaintiff's motion nevertheless raised the issue of whether the ALJ erred in her consideration of Dr. Simpson's opinions.  Regardless, even if the Magistrate Judge had raised this issue *sua sponte*, doing so does not preclude remand of this case.  *See, e.g., Wilting v. Astrue*, Civil No. 09-cv-01207-WYD, 2010 WL 3023387 at *7 (D.Colo. July 29, 2010) (unpublished) (considering two issues *sua sponte*); and *Womack v. Astrue*, No. CIV-07-167-W, 2008 WL 2486524 at *5 (W.D. Okla. June 19, 2008) (unpublished) (finding *sua sponte* that the ALJ erred at step four and explaining that "[t]his Court cannot . . . ignore obvious and prejudicial errors, even if the litigants did not identify and debate them").  As explained in *Womack*, "[a] court's duty to scrutinize the record as a whole to determine whether the conclusions reached are reasonable and whether the hearing examiner applied correct legal standards to the evidence is especially important because 'unlike the typical judicial proceeding, a social security disability case is nonadversarial."  2008 WL 2486524 at *5 (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997)).

Finally, Defendant contends that the ALJ did not err in her consideration of Dr. Simpson's opinions because the ALJ found that Plaintiff's depression was a non-severe impairment, noted that Plaintiff did not suffer from suicidal or homicidal ideation and did not experience acute delusions or hallucinations, found that Plaintiff had only mild restrictions and limitations with regard to her mental impairments, activities of daily living and social functioning, and noted that Plaintiff's GAF score was not an indication of overall functioning.  [*Doc. 26* at 3-4].  The Court disagrees.  As explained in the PF&RD, the ALJ failed to consider Dr. Simpson's diagnosis of major depressive disorder, failed to state what weight she gave to Dr. Simpson's findings

regarding Plaintiff's memory and difficulty with attending and concentrating, and failed to provide reasons that are sufficiently specific as to why she only gave Dr. Simpson's assignment of a GAF score of 48 "some weight."  *See* [*Doc. 24* at 10-11] (citing *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ "must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"); *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."); and *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (explaining that the ALJ must provide "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight") (citation and internal quotation marks omitted)).  Defendant's attempt to supply the ALJ's reasoning for her failure to consider or rely on Dr. Simpson's findings is an impermissible *post hoc* rationalization.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (explaining that reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision," and that it would be improper for a reviewing court or the Commissioner to "supply[] possible reasons" for an ALJ's decision after the fact).  For these reasons, the Court finds that the ALJ erred in her consideration of Dr. Simpson's opinions, and agrees with the Magistrate Judge that this case should be remanded for further proceedings consistent with the Court's findings.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant's objections to the PF&RD [*Doc. 26*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the ***Proposed Findings and Recommended Disposition*** *(Doc. 24)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum (Doc. 17)* is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Commissioner for further proceedings consistent with the *Proposed Findings and Recommended Disposition (Doc. 24)* and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**