IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULA PURLEY,

      Plaintiff,

v.                                                     No. CIV-14-0895 MV/LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION GRANTING PLAINTIFF'S MOTION FOR EAJA FEES[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 31)*, filed June 2, 2016. The Commissioner filed a response in opposition to the motion on June 16, 2016 [*Doc. 32*], and Plaintiff filed a reply on July 11, 2016 [*Doc. 35*]. In her motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$6,954.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 31*]. The Commissioner opposes the motion because she asserts that her position in this case was substantially justified. [*Doc. 32*]. Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

special circumstances that would make the award unjust.  28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  The Commissioner bears the burden of showing that her position was substantially justified.  *See Hackett*, 475 F.3d at 1172.  "The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."  *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct . . . if it has a reasonable basis in law or fact." *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).  However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level."  *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered an ***Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition*** [*Doc. 28*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for further proceedings consistent with the Magistrate Judge's Proposed Findings and Recommended Disposition (hereinafter "PF&RD") (*Doc. 24*).  In the PF&RD, the undersigned found that the ALJ erred by failing to obtain Plaintiff's counseling records from Fort Defiance Indian Hospital (*Doc. 24* at 8-9), and by failing to properly consider the opinions of Dr. Simpson, Plaintiff's treating physician (*id.* at 9-11).  The Commissioner contends that her position in this case was substantially justified with regard to Plaintiff's counseling records because: (1) the agency made initial and follow up requests to Fort Defiance Indian Hospital for the records; (2) the agency

provided two consultative examiners to examine Plaintiff (*Doc. 32* at 3); and (3) Plaintiff did not show that these records were relevant to her case (*id.* at 4). In addition, the Commissioner contends that her position was substantially justified with regard to Dr. Simpson's opinion because this issue was not presented in Plaintiff's brief (*id.*), and because "the ALJ considered Dr. Simpson's diagnosis, incorporated Plaintiff's mental limitations in the residual functional capacity finding, and otherwise reasonably assessed all the information from Dr. Simpson" (*id.* at 5-6).

In the Order Adopting the PF&RD, the Court explained that even though Defendant is correct that the agency made records requests to Fort Defiance Indian Hospital, these requests were made in August and September 2011, respectively, which were prior to the November 15, 2012 hearing before the ALJ at which Plaintiff told the ALJ she was seeing a counselor once a week, and prior to Dr. Simpson's May 14, 2012 treatment notes recommending that Plaintiff continue psychotherapy to address depression and anxiety. *See* [*Doc. 28* at 3]. Therefore, the Court finds that the Commissioner's position was not substantially justified as to these records because the agency's record requests would not have resulted in production of Plaintiff's counseling records from the time period after August and September 2011. The Court also finds that the consultative examinations of Plaintiff do not cure the agency's failure to obtain the counseling records because those examinations were conducted in April and May 2011, which is prior to the time-period during which Plaintiff was attending counseling. The Court rejects the Commissioner's contention that Plaintiff failed to show that these records are relevant to her case because, as explained in the PF&RD, Plaintiff claimed that she was disabled due to depression, she testified at the November 15, 2012 hearing before the ALJ that she was seeing a counselor once a week, and Dr. Simpson diagnosed her with major depressive disorder. *See* [*Doc. 24* at 8] (citing

3

*Doc. 14-8* at 2, *Doc. 14-3* at 40, and *Doc. 14-18* at 10).  For these reasons, the Court finds that the Commissioner's position with regard to Plaintiff's counseling records was not substantially justified.

The Court also finds that the Commissioner's position was not substantially justified with regard to the ALJ's consideration of Dr. Simpson's opinions.  First, this Court has already rejected the Commissioner's contention that the Court raised the issue of whether the ALJ failed to properly consider Dr. Simpson's opinions *sua sponte*.  *See* [*Doc. 28* at 4-5] (citing *Doc. 17* at 15-17, Plaintiff's Motion to Reverse or Remand, where Plaintiff contends that the ALJ relied on the consultative examination report of Dr. Lomay which diagnosed Plaintiff with an adjustment disorder with depressed mood, and that this diagnosis was contrary to Dr. Simpson's diagnosis of Plaintiff with major depressive disorder).  The Court explained that, even though Plaintiff does not set forth this claim under a separate heading, Plaintiff's motion nevertheless raises the issue of whether the ALJ erred in her consideration of Dr. Simpson's opinions.  *Id.* at 5.  In addition, the Court finds that the Commissioner's position was not substantially justified as to Dr. Simpson's opinions because the ALJ failed to consider Dr. Simpson's diagnosis of major depressive disorder, failed to state what weight she gave to Dr. Simpson's findings regarding Plaintiff's memory and difficulty with attending and concentrating, and failed to provide reasons that are sufficiently specific as to why she only gave Dr. Simpson's assignment of a GAF score of 48 "some weight." *See* [*Doc. 24* at 10-11] (citing *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ "must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"); *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."); and *Hamlin v. Barnhart*, 365 F.3d 1208, 1215

(10th Cir. 2004) (explaining that the ALJ must provide "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight") (citation and internal quotation marks omitted)). Moreover, the Tenth Circuit has held that where the Commissioner attempts to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position is not substantially justified and the denial of EAJA fees is proper. *See Hackett*, 457 F.3d at 1175.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support** (Doc. 31)* is **GRANTED**, and that Plaintiff is authorized to receive **$6,954.00** in attorney's fees for payment to Plaintiff's attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**